STATE OF NEW JERSEY, DEFENDANT-IN-CERTIORARI, v. PETE DIXON AND LOUIS MUNGIOLO, PROSECUTORS-IN-CERTIORARI.

Argued October 2, 1945—Decided October 31, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the prosecutors, *George S. Friedman* and *Joseph Narrow*.

For the defendant, *William R. Smith*.

The opinion of the court was delivered by

BODINE, J.   An indictment is brought before us on *certiorari*.   It charges that Pete Dixon and Louis Mungioli, "did conspire, * * * to commit an act for the perversion and obstruction of justice and the due administration of the laws, to wit, to have the sentence of Pete Dixon theretofore charged with an assault upon one J. W. Rainnie and an assault upon one Junior Harris, and with resisting arrest, fixed to the end that the said Pete Dixon would obtain probation rather than commitment to States Prison * * *." The overt act charged done in pursuance of the conspiracy was the payment by Dixon to Mungioli of the sum of $800.

The statutes of this state respecting conspiracies are to be found in *R. S.* 2:119–1 and 2.   It was necessary to charge an overt act in pursuance of the conspiracy.   The act charged was the payment of money by one conspirator to another. The conspiracy was to commit an act injurious to the public, the perversion or obstruction of justice.   Hence, the act done—the payment of money—may have been lawful, still the evil purpose charged makes the indictment sufficient. See *State* v. *Herbert,* 92 *N. J. L.* 341 (at *p.* 355) ; *State* v. *Hemmendinger,* 100 *Id.* 234.

The act done in such case need not be unlawful.   Suffice it, that the charge was that the conspiracy was to prejudice the public.   *State* v. *Continental Purchasing Co.,* 119 *N. J. L.* 257; *affirmed,* 121 *Id.* 76.   See, also, an exhaustive study of indictments for conspiracy in the case of *State* v. *Ellenstein,* 121 *Id.* 304.

The writ will be dismissed, with costs.